**IVAN ALLEN COMPANY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 15130.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Oct. 6, 1972.

Kirk McAlpin, of King & Spalding, Atlanta, Ga., for plaintiff.

Julian M. Longley, Asst. U. S. Atty., N. D. Georgia, Atlanta, Ga., John F. Murray and Benton Burroughs, Jr., Attys., Tax Div., Dept. of Justice, Washington, D. C., for defendant.

## ORDER

MOYE, District Judge.

This is a tax refund suit brought by Ivan Allen Company, a Georgia corporation engaged in the office supply and equipment business, to recover federal income and accumulated earnings taxes that it contends were erroneously assessed and collected by the Internal Revenue Service [hereinafter the IRS]. According to a stipulation submitted jointly by the parties, the sole issue presently before the Court concerns the proper interpretation and application of the accumulated earnings tax provisions of the Internal Revenue Code [hereinafter the IRC].

The accumulated earnings tax[1] is a penalty tax imposed on a corporation which has been used to avoid personal income taxes[2] on its shareholders by permitting its earnings and profits to accumulate beyond the reasonable needs of its business rather than being divided or distributed. Ivan Allen Company accumulated retained earnings and invested them in marketable securities. The question before the Court is whether these marketable securities should be accounted for at cost, as the taxpayer contends, or at fair market value (less the cost of converting them into cash), as the government contends, for determining the applicability of the accumulated earnings tax.[3] The government

---

1. Sections 531–533 of the Internal Revenue Code of 1954 provide:

   SEC. 531. IMPOSITION OF ACCUMULATED EARNINGS TAX.

   In addition to other taxes imposed by this chapter, there is hereby imposed for each taxable year on the accumulated taxable income (as defined in section 535) of every corporation described in section 532, an accumulated earnings tax equal to the sum of—

   (1) 27½ percent of the accumulated taxable income not in excess of $100,000, plus

   (2) 38½ percent of the accumulated taxable income in excess of $100,000.

   SEC. 532. CORPORATIONS SUBJECT TO ACCUMULATED EARNINGS TAX.

   (a) General Rule.—The accumulated earnings tax imposed by Section 531 shall apply to every corporation (other than those described in subsection (b)) formed or availed of for the purpose of avoiding the income tax with respect to its shareholders or the shareholders of any other corporation, by permitting earnings and profits to accumulate instead of being divided or distributed. * * *

   SEC. 533. EVIDENCE OF PURPOSE TO AVOID INCOME TAX.

   (a) *Unreasonable Accumulation Determinative of Purpose.*—For purposes of section 532, the fact that the earnings and profits of a corporation are permitted to accumulate beyond the reasonable needs of the business shall be determinative of the purpose to avoid the income tax with respect to shareholders, unless the corporation by the preponderance of the evidence shall prove to the contrary. * * *

2. Tax avoidance is possible due to the disparity in tax rates for individuals versus corporations.

3. The precise technical legal question presented to the Court is:

   "Whether, in determining the amount of the taxpayer's net liquid assets at the close of each of the suit years, for purposes of determining the applicability of Section 533(a) of the Internal Revenue Code of 1954, the taxpayer's marketable securities should properly be taken into account at their cost, as the taxpayer contends, or at their fair market value (less the cost of convert-

admits that if the Court decides the securities should be accounted for at their cost, the taxpayer's undistributed earnings and profits were not permitted to accumulate beyond the reasonable needs of the taxpayer's business and the full amount of accumulated earnings tax collected must be refunded.

■ After careful consideration of the accounting principles and tax policies involved, the Court rules for the taxpayer and holds that when computing the taxpayer's net liquid assets for the purpose of determining the applicability of Section 533(a) of the Internal Revenue Code of 1954, the taxpayer's marketable securities should be valued at their cost.[4]

While the Court is aware of Tax Court decisions which have reached a contrary result,[5] the Court agrees with and prefers to apply the excellent reasoning of Judge Miller in American Trading and Production Corporation v. United States [Civil No. 70–1266–M (D.Md., May 10, 1972), 29 Am.Fed.Tax. R.2d ¶ 72–643]. Neither the statute[6] nor the relevant Treasury Regulations[7] suggest that the unrealized appreciation of a corporation's assets should be taken into account for purposes of the accumulated earnings tax. To force a corporate taxpayer to sell part of its retained earnings investment portfolio in order to avoid an accumulated earnings tax because the investments have increased in

value since purchase is inconsistent not only with sound tax accounting principles but also with better business judgment. Normally, gains are not recognized until realized and in this case the proper value of the securities, until they are converted into cash, is their cost. Corporate taxpayers should not be penalized for wise investments; they should be allowed to maximize their capital gains tax advantages in accordance with internal business policies and stock market conditions rather than being forced to sell securities which may have a high value[8] on an arbitrarily selected date merely because the unrealized fair market value of the securities on that date would trigger the accumulated earnings tax. The value of a particular stock would depend upon a wide array of imponderables relating principally to the condition of the company whose stock was held, and the myriad of factors that affect the stock market itself—such as whether Henry Kissinger should go to Paris on December 30th—all far beyond the control of the company holding the investment. Adoption of the government's position would require businessmen to employ persons specializing in crystal ball gazing rather than sound business management.

Accordingly, the government is ordered to refund all accumulated earnings taxes, including interest thereon, collected for the taxpayer's fiscal years ended June 30, 1965, and June 30, 1966.

---

ing them into cash), as the government contends." [Stipulation filed jointly by the parties. p. 5, # 15, June 12, 1972]

4. The Court specifically limits this decision to value the securities at their cost to situations where the fair market value of the securities is *greater* than cost. The Court in no way implies that marketable securities should be valued at their cost when fair market value is *lower* than cost. That is an entirely different situation which may involve a more complex

analysis and different accounting principles.

5. Golconda Mining Corporation, 58 T.C. No. 74 (1972) : Henry Van Hummel, Inc. v. Commissioner, 23 T.C.M. 1765 (1964), aff'd, 364 F.2d 746 (10th Cir. 1966).

6. Internal Revenue Code § 531 et seq.

7. Treasury Regulations §§ 1.537–1, 1.535–3(b)(1)(ii), 1.533–1(a)(2).

8. A situation which might not have been true a month or even a day before that arbitrarily selected date.